UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                           :
WESTERN BULK PTE LTD.,                     :
                                           :
                       Plaintiff,          :    08 Civ. 9776 (WHP)
                                           :
        -against-                          :    ORDER
                                           :
INSPAT INDUSTRIES LIMITED, et al.,         :
                                           :
                       Defendants.         :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Defendants moved by order to show cause to vacate an Ex Parte Order for Process of Maritime Attachment issued on June 19, 2008. In Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., --- F.3d ----, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), the Court of Appeals overruled Winter Storm Shipping v. TPI, 310 F.3d 263 (2d Cir. 2002), and held that EFTs were no longer attachable property for purposes of Rule B. Jaldhi applies retroactively. See Hawknet Ltd. v. Overseas Shipping Agencies, --- F.3d ----, 2009 WL 3790654, at *5-6 (2d Cir. Nov. 13, 2009). Thus, in order to avoid the vacatur of an existing maritime attachment, the Plaintiff must show some grounds for personal jurisdiction where the defendant has property within the district, but not sufficient presence within the district as to be "found within the district" for purposes of Rule B. Hawknet, 2009 WL 3790654, at *7.

        Plaintiff has not set forth adequate jurisdictional grounds. Plaintiff's arguments regarding New York state law and suspense accounts are completely without merit. See Armada (Singapore) PTE Ltd. v. North China Shipping Co. Ltd. (BVI), 633 F. Supp. 2d 168, 170

(S.D.N.Y. 2009) (noting under New York state law EFTs are not attachable); Gloria E.N.E. v. Korea Line Corp., No. 08 Civ. 2490 (JGK), Order, at 2 (S.D.N.Y. Nov. 16, 2009) ("No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached").

Plaintiff's arguments that Defendants' counterclaim and deposit of the funds into the CRIS account subject Defendants to this Court's jurisdiction are without merit. While federal law regarding whether the assertion of a counterclaim subjects a defendants to in personam jurisdiction is in "disarray," Cargill, Inc. v. Sabine Trading & Shipping Co., 756 F.2d 224, 229 (2d Cir. 1985), at least six Circuits have found that raising compulsory counterclaims in an answer does not subject a defendant to personal jurisdiction, see M&D Info. Sys., Inc. v. Tower Group, No. 05 Civ. 552 (PCD), 2006 WL 752880, at *6 (D. Conn. Mar. 21, 2006) (collecting cases). Here, Ispat's counterclaim related to alleged losses due to the restraint of its funds by Plaintiff's attachment. Because this type of claim does not "destroy[] the essentially quasi in rem nature of the action" or amount to "consent[] to complete jurisdiction under general waiver principles," it does not give rise to personal jurisdiction over the Defendant. Cargill, 756 F.2d at 229. Nor does payment into the CRIS account alter the result in this case. See Panamax Bulk AS v. Dampskibsselskabet Norden AS, No. 08 Civ. 8601 (JSR), 2009 WL 3853422, at *1 (S.D.N.Y. Nov. 18, 2009).

Accordingly, Defendant's motion to vacate the <u>Ex Parte</u> Order for Process of Maritime Attachment is granted and this case is dismissed.

Dated: November 20, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Kevin J. Lennon, Esq.
Anne C. Levasseur, Esq.
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
*Counsel for Plaintiff*

James F. Sweeney, Esq.
Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street — 7th Floor
New York, NY 10005
*Counsel for Defendants*